UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KAREN DOUGLAS, *ET AL.***                                      **CIVIL ACTION**

**VERSUS**                                                        **NO: 11-1958**

**CAJUN CONSTRUCTORS, INC., *ET AL.***                            **SECTION: "B"(3)**

## ORDER AND REASONS

Before the Court is Plaintiffs Karen and Windle Douglas' Motion to Remand, seeking remand of this action to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana. (Rec. Doc. Nos. 8 and 9). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.

## PROCEDURAL HISTORY

The instant case is a negligence action that arises out of an alleged accident that occurred while Plaintiff Windle Douglas ("Plaintiff") was working as an employee for Cajun Deep Foundations, LLC, ("Deep Foundations") on February 2, 2011. (Rec. Doc. No. 8-1 at 1.) At that time, Deep Foundations had entered into a subcontract agreement with Cajun Constructors, Inc.[1]

---

[1] Defendant is a general contractor based in Baton Rouge, Louisiana. (Rec. Doc. No. 9 at 1.) In conjunction with its business, Defendant had entered into a contract with the Department of the Army, Hurricane Protection Office, Corps of Engineers ("Corps of Engineers") to provide preconstruction services for levee fortification in St. Bernard Parish. (*Id.* at 1-2.) Specifically, the contract required Defendant to "perform all plant, labor, material, equipment and supervision required to install" steel H-piles. (*Id.* at 2).

("Defendant") for a levee fortification project for the United States Army Corps of Engineers.[2] (Rec. Doc. No. 9 at 2.) Under the subcontract, Deep Foundations agreed that Defendant "shall be deemed to be the statutory employer (as defined by applicable State and Federal law) of Subcontractor's [Deep Foundations] employees, whether direct employees or statutory employees of Subcontractor, while such employees are providing work under this Agreement." (*Id., citing* art. 4, para. B of Exhibit "B").

Plaintiff worked as a pile driver at the levee fortification project, pursuant to the subcontract between Defendant and Deep Foundations. (Rec. Doc. No. 9 at 2-3.) On February 2, 2011, Plaintiff was in the process of positioning steel H-piles for driving onto the levee when a trackhoe operated by Donald Boyett ("Boyett"), allegedly began moving a crane mat across the far end of the H-pile that Plaintiff was working on. (Rec. Doc. No. 8-1 at 1). At the time of the accident, Boyett was employed by Defendant. (Rec. Doc. No. 9 at 2). Plaintiff claims that, due to Boyett's "negligent actions," the H-pile that he was moving rolled onto Plaintiff's right leg and resulted in "serious and permanent injuries." (Rec. Doc. No. 8-1 at 1).

---

[2] The subcontract agreement between Deep Foundations and Defendant was signed on November 1, 2010. (Rec. Doc. No. 9 at 2). Under the subcontract, Defendant delegated portions of the work that it was obligated to perform for the Corps of Engineers to Deep Foundations. (*Id.*). Specifically, the subcontract required Deep Foundations to "perform all plant, labor, material, equipment and supervision" required to install the H-piles." (*Id.*).

The instant action was filed in state court against Defendant and Boyett on June 22, 2011. (Rec. Doc. No. 1 at 2). Defendant was served on July 13, 2011. (*Id.*). Defendant timely removed the case to the Eastern District of Louisiana on August 12, 2011. *(Id.)*. Defendant filed a Motion to Dismiss (Rec. Doc. No. 7) with this court on September 6, 2011. The instant motion was filed on September 9, 2011.

## LAW AND ANALYSIS
**A. Standard of Review**

**1. Impermissible Joinder**

Generally, 28 U.S.C. § 1441 governs removal to a federal court. Under 28 U.S.C. § 1441(a), any civil action brought in a state court may be removed by the defendant to the district court of the United States for the district where the action is pending. 28 U.S.C. § 1441(a). An action is only removable if the district court has original jurisdiction because the suit arises under federal law or if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The Fifth Circuit has held, to remove a case based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Cent. R. Co.*, 285 F.3d 568, 572 (5th Cir. 2004).

In order to properly remove a case from state court to federal court, complete diversity must exist between all parties. 28 U.S.C. § 1332(a). When determining whether complete diversity exists in a particular case, a court should ignore the non-diverse citizenship of an improperly joined party. *Smallwood*, 385 F.3d at 573-73. The burden of proof that a party has been improperly joined rests with the removing defendant. *Id.*

Fifth Circuit jurisprudence is well established that improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)(*citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698(5th Cir. 1999)). Under the second prong of the improper joinder test, this Circuit has determined that there "must at least be a *reasonable basis* for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)(emphasis in original).

In order for a plaintiff to establish a reasonable claim basis for recovery against an in-state defendant, a state court petition must allege "specific actionable conduct" that is sufficient to support a cause of action against a non-diverse party. *Griggs*, 181 F.3d at 699.

To make this determination, a court may consider summary

4

judgment type evidence. *Travis*, 326 F.3d at 648. The court must take into account all "unchallenged factual allegations in the light most favorable to the plaintiff" and "resolve all ambiguities in state law in favor of the plaintiff." *Id.* at 644, 649. The merits of the plaintiff's claim should not be considered when applying the improper joinder standard; the court need only look for a possibility that a plaintiff may prevail on the merits of a claim. *Hale v. Jarrot*, 2002 WL 545339, at 2 (E.D. La. 2002). Generally, if a plaintiff can survive a Rule 12(b)(6)-type analysis, there is no improper joinder. *Smallwood*, 385 F.2d at 573

### 2. Louisiana Worker's Compensation Law

The Louisiana Worker's Compensation Act (the "Act") provides worker's compensation benefits as an employee's exclusive remedy against an employer for injuries arising out of and in the course of employment.[3] *See* La. R.S. § 23:1032(A)(1)(a)-(b). It applies not only to the direct employee-employer relationship, but also to the statutory employee-employer relationship.[4] *Id*. § 23:1061(A)(1).

---

[3] § 23: 1032(A) provides that "the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages." La. R.S. § 23: 1032(A).

[4] Specifically, § 23:1061 requires that:

> [W]hen a "principal" undertakes to execute any work, which is part of his trade, business or occupation and contracts with any person, in this Section referred to as the "contractor" for the execution by or under the contractor of the whole or any part of the work undertaken by the

The general idea behind statutory employment is that when a business undertakes work that is part of its "trade, business, or occupation" and contracts with another business to execute all or part of that work, then the first business is considered to be the statutory employer of the employees of the second business. La. R.S. 23:1061(A)(2). The statutory employer rule is limited to two specific circumstances: (1) the "two contract" theory, and (2) the written contract theory. *See Id.*

The "two contract" theory arises from the language of La. R.S. 23:1032 and La. R.S. 1061. La. R.S. 23:1061 governs situations when the principal contracts with another business for the execution of work, which is part of the principal's trade, business, or occupation. La. R.S. 23:1061(A)(1).  La. R.S. § 1061 defines the "written contract" as another potential statutory employer defense, which applies when a principal enters into a written contract with another party that recognizes the principal is the statutory employer. La. R.S. § 1061.

**B. The instant matter must be remanded to state court for judgment on the merits**

The state court is in a better position to hear and decide material issues relative to Louisiana Worker's Compensation law. Under Louisiana Supreme Court precedent, Boyett could be found

---

        principal, the principal, as a statutory employer, shall be granted the exclusive remedy provision of R.S. 23:1032.
La. R.S.  § 23: 1061(A).

liable under Louisiana state law, making him properly joined to the case.

**1. The instant action lacks federal jurisdiction under 28 U.S.C. § 1441**

Plaintiffs correctly assert that the ruling in *Canter v. Koehring*, 283 So.2d 716 (La. 1973), provides a valid claim for negligence against Boyett. In *Canter*, the Louisiana Supreme Court held that an agent, officer, or employee of a corporation may owe a duty to a third person when the duty is the result of an employee-employer relationship and the breach of duty causes injury to a third person.[5] 283 So.2d at 722. The Louisiana Supreme Court outlined four requirements to find personal liability in these instances:

> 1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

---

[5] Specifically, the Louisiana Supreme Court found that a cause of action may be found when:

> The failure to act as required by the employment duty may deprive the third person of a protection owed him by the principal or employer, and such risk of harm because of the breach may have been reasonably foreseeable. Thus, the breach of the duty imposed by the employment or agency relationship may, under general tort principles, be actionable negligence because of the creation of maintenance thereby of an undue risk of harm to others. 283 So.2d at 722.

> 2. The duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence...
>
> 4. With regard to the personal (as contrasted with technical or vicarious fault), personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.

*Id.* at 721.

In the instant case, Boyett's actions against Plaintiff fulfill the *Canter* factors and support a finding that there is a valid claim against Boyett in the instant action, albeit remotely. Under the first factor of the *Canter* test, Defendant and its employee, Boyett, owed a duty of care to the Plaintiff. (Rec. Doc. No. 8-1 at 6). Second, "the duty of care to competently operate [Defendant's] equipment on the jobsite" was delegated to Boyett. *Id.* (citing Rec. Doc. No. 6-1 at 3-4). Third, in his petition for damages, Plaintiff alleged that Boyett did breach his duty of care through his own fault. (Rec. Doc. No. 6-1 at 2). Specifically, Plaintiff asserted that Boyett was "improperly and negligently operating his trackhoe in the vicinity of the H-piles and pile driving work without the assistance of a 'spotter'" and that as a result of this negligent action, an H-pile rolled "toward the

plaintiff and onto the plaintiff's right leg" causing the injury. (*Id.* at 2, 4). Last, Defendant and its employees had a duty towards persons like Plaintiff to "operate heavy equipment in a safe and prudent manner." (Rec. Doc. No. 8-1 at 7; *see, e.g.*, *Smith v. Sherwin-Williams, Co.*, Civ. A. 92-0467, 1992 WL 233776 (E.D. La. 9/3/1992))(noting that Louisiana courts have held that a viable cause of action would exist against an employee of a corporation where the employee breaches a duty imposed on him by his employer that causes harm to a third person).

Given that there is a viable claim against Boyett under the *Canter*, weak as it may be, diversity jurisdiction in the present case is defeated under *Smallwood*.

Accordingly, **IT IS ORDERED** that the Motion to Remand to State Court is **GRANTED**.

New Orleans, Louisiana, this 13TH day of December, 2011.

UNITED STATES DISTRICT JUDGE